**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| KASSIM MOUZONE,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, *et al.*,<br><br>Defendants. | No. 25-cv-17894<br><br><br>**MEMORANDUM ORDER** |

**CECCHI, District Judge**.

Before the Court is defendant Bank of America, N.A.'s ("BOA") motion to dismiss *pro se* plaintiff Kassim Mouzone's ("Plaintiff") amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  ECF No. 10; ECF No. 10-1 ("Moving Br."); *see* ECF No. 1-1, Ex. A ("Am. Compl.").  Plaintiff opposed the motion, ECF No. 14 ("Opp'n Br."), and BOA replied, ECF No. 15 ("Reply Br.").  The Court decides the motion without oral argument.  Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).  For the reasons stated below, the Court will grant BOA's motion.

**WHEREAS** on October 9, 2025, Plaintiff filed an initial complaint in the Superior Court of New Jersey, Essex County.  ECF No. 1 ¶ 1.  The next month, Plaintiff filed his amended complaint in state court.  *Id.* ¶ 2.  In his amended complaint, Plaintiff alleges that BOA and two of its employees, a "supervisor teller" named Adriana and "a [m]anager" named Alan, ("Defendants") unlawfully refused to "cash a legitimate $19,000.00 settlement check issued by an insurance company that" banks with BOA.  Am. Compl. ¶¶ 1, 9–11.  Plaintiff, who is a "Foundational Black American," allegedly attempted to cash the check at a BOA branch in East

---

[1] The amended complaint names "Bank of America," Am. Compl. ¶ 9, but, according to BOA, "there is no entity by that name," Moving Br. at 1 n.1.  BOA has appeared to defend itself (on the assumption that "Plaintiff intended to sue the national bank").  *Id.*

Orange, which "was busy" with "a line of mostly White and White Hispanic customers waiting for teller services." *Id.* ¶¶ 1, 3, 8, 16. When Plaintiff approached Adriana and presented the check (and his identification), Adriana "summoned Alan." *Id.* ¶ 17. According to Plaintiff, Alan stated that BOA had a "policy limit[ing] non-account holders to 'a certain amount' below $19,000.00" and "advised Plaintiff to deposit [the check] at his own bank." *Id.* ¶ 18. Adriana allegedly reiterated Alan's statements. *Id.*; and

**WHEREAS** Plaintiff alleges that Defendants' refusal to cash his check reflects Defendants' hostility toward his "racial identity." *Id.* ¶ 21; *see also id.* ¶¶ 2, 16. In his amended complaint, he asserts claims (1) under the New Jersey Law Against Discrimination ("NJLAD") for discrimination in a place of public accommodation, (2) under the New Jersey Consumer Fraud Act ("NJCFA"), (3) for breach of contract, and (4) for breach of the implied covenant of good faith and fair dealing. *Id.* ¶¶ 25–34. He states that the incident caused him "economic loss" (*e.g.*, delayed access to $19,000), "emotional distress," and "reputational harm," *id.* ¶ 22, and seeks $5 million in damages, injunctive relief, and attorneys' fees and costs, *id.* § XI (Prayer for Relief); and

**WHEREAS** on November 24, 2025, BOA removed the state-court action to this Court based on diversity jurisdiction. *See* ECF No. 1 ¶¶ 8–22. Shortly thereafter, BOA moved to dismiss the amended complaint under Rule 12(b)(6). ECF No. 10; and

**WHEREAS** a motion under Rule 12(b)(6) seeks dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted, a pleading must generally "contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). To do so, the pleading must state a plausible claim, meaning it must contain

2

"enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the misconduct alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). However, when a claim sounds in fraud, the pleading "'must state with particularity the circumstances constituting [the] fraud . . . ,' although 'intent, knowledge, and other conditions of a person's mind may be alleged generally.'" *In re Lipitor Antitrust Litig.*, 868 F.3d 231, 249 (3d Cir. 2017) (quoting Fed. R. Civ. P. 9(b)); and

**WHEREAS** the Court conducts a three-step analysis when considering a Rule 12(b)(6) motion. First, the Court "must 'tak[e] note of the elements [the] plaintiff must plead to state a claim." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (quoting *Iqbal*, 556 U.S. at 675). Second, the Court disregards formulaic recitations of a claim's elements; legal conclusions; and allegations that are "so threadbare or speculative that they fail to cross the line between the conclusory and the factual." *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327–28 (3d Cir. 2022) (citation omitted). Third, the Court assumes the truth of the complaint's "remaining allegations," construes "them in the light most favorable to the plaintiff," draws "all reasonable inferences in the plaintiff's favor," and then determines whether the plaintiff has stated a viable claim for relief. *Id.* at 328. And in conducting this three-step analysis, courts must construe *pro se* complaints "liberally." *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) (citation omitted); and

**WHEREAS** Plaintiff has failed to state a plausible claim for relief. First, Plaintiff's NJLAD claim is not viable because he has failed to plausibly allege that Defendants treated him differently because of his racial identity. "To state a claim under the public accommodation theory of the NJLAD, a plaintiff must allege" that "(1) defendant operates a place of public accommodation, (2) the plaintiff is a member of a protected class, and (3) he or she was denied

3

equal treatment on the basis of his or her membership in a protected class." *K.J. v. J.P.D.*, 659 F. Supp. 3d 471, 477 (D.N.J. 2023) (citation omitted). Plaintiff states that Defendants "singl[ed] [him] out" based on his race, but Plaintiff's allegations on this point are implausible for at least three reasons. Am. Compl. ¶ 27; and

**WHEREAS** first, Plaintiff alleges that Defendants were acting on a "policy limit[ing] non-account holders to 'a certain amount' below $19,000.00." *Id.* ¶ 18. Thus, Plaintiff's own allegations supply a non-discriminatory explanation for the way Defendants treated him. *See Campbell v. Sup. Ct. of N.J.*, No. 11-555, 2012 WL 1033308, at *19 (D.N.J. Mar. 27, 2012) ("Plaintiff's own allegation highlights Judge Gallipoli's rationale for treating Kirolos in a different manner."). Second, Plaintiff's allegations about disparate treatment are entirely speculative. For instance, Plaintiff alleges that he was treated differently from the other customers who were "mostly White and White Hispanic," Am. Compl. ¶ 16, but he does not provide any specific factual allegations on Defendants' motivations, *see Abdallah v. JetBlue Airways Corp.*, No. 14-1050, 2015 WL 3618326, at *4 (D.N.J. June 9, 2015) (stating, in the context of 42 U.S.C. § 1981, that "'[c]onclusory allegations of generalized racial bias' are insufficient"). And third, Plaintiff's attempt to plead discriminatory intent through the use of comparators fails. Specifically, the amended complaint alleges that Adriana and Alan assisted other white or Hispanic customers more "proactively." Am. Compl. ¶ 19. But Plaintiff does not allege that any other customer at the bank that day was "similarly situated," *i.e.*, was a non-account holder who was trying to cash a large check. *Andujar v. Gen. Nutrition Corp.*, 767 F. App'x 238, 241 (3d Cir. 2019). For those reasons, the Court will dismiss Plaintiff's NJLAD claim against BOA; and

**WHEREAS** second, Plaintiff's NJCFA claim fails because he has not alleged with specificity any unconscionable conduct engaged in by Defendants. *See Migliore by Migliore v.*

4

*Vision Solar LLC*, 160 F.4th 79, 90 (3d Cir. 2025) (noting that NJCFA claims are subject to Rule 9(b)'s heightened pleading standard). "'In order to prevail on a claim under [the NJCFA], a plaintiff must satisfy three elements': (1) 'unlawful conduct [under the act] on the part of the Defendant,' (2) 'an ascertainable loss on the part of the Plaintiff,' and (3) 'a causal relationship between the unlawful conduct and the ascertainable loss.'" *Ghiya v. TD Bank, N.A.*, No. 25-4056, 2026 WL 1146621, at *7 (D.N.J. Apr. 28, 2026) (alterations in original) (citation omitted). On the first element, the NJCFA "prohibits 'any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate.'" *Id.* (quoting N.J. Stat. Ann. § 56:8-2). Plaintiff alleges that "Defendants engaged in unconscionable practices," Am. Compl. ¶ 31, but he does not explain how Defendants' conduct was unconscionable. Therefore, his NJCFA claim against BOA must be dismissed. *See KZ Ent. LLC v. Sulekha USA LLC*, No. 24-812, 2024 WL 5244479, at *6 (D.N.J. Dec. 30, 2024); and

**WHEREAS** third, Plaintiff's claims against BOA for breach of contract and breach of the implied covenant of good faith and fair dealing must be dismissed, because Plaintiff does not allege that he and Defendants are parties to any contract. To start, a breach of contract claim is contingent on a contractual relationship, *i.e.*, a valid contract between plaintiff and defendant. *See, e.g., Flynn-Murphy v. Jaguar Land Rover N. Am., LLC*, No. 20-14464, 2021 WL 5448716, at *7 (D.N.J. Nov. 19, 2021); *Piper v. Wells Fargo & Co.*, No. 17-6222, 2018 WL 1942524, at *3 (D.N.J. Apr. 25, 2018). Plaintiff argues that he has an implied contractual relationship with BOA because a third-party insurance company sent him a settlement check drawn on the company's BOA account. Am. Compl. ¶ 34; and

5

**WHEREAS** these allegations are insufficient to establish a contract between Plaintiff and BOA. "In New Jersey, the basic elements of a contract are offer, acceptance, and consideration." *McNutt v. Est. of McNutt*, No. 09-2, 2009 WL 3756907, at \*4 (D.N.J. Nov. 6, 2009), *aff'd*, 386 F. App'x 113 (3d Cir. 2010). Plaintiff's allegations fail to satisfy each of those basic elements, so the Court must dismiss his claim for breach of contract against BOA; and

**WHEREAS** in addition, "a plaintiff cannot allege a breach of [the] implied covenant of good faith and fair dealing in the absence of an underlying contract." *Peter v. Vitran Express, Inc.*, No. 13-2702, 2013 WL 6859843, at \*2 (D.N.J. Dec. 30, 2013). Therefore, the Court must dismiss Plaintiff's claim for breach of the implied covenant against BOA as well.

Accordingly, for the reasons stated above, **IT IS** on this 20th day of July, 2026;

**ORDERED** that BOA's motion to dismiss (ECF No. 10) is **GRANTED**; and it is further

**ORDERED** that all of Plaintiff's claims in the amended complaint against BOA are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Memorandum Order to submit a second amended complaint that addresses the deficiencies identified herein. Insofar as Plaintiff submits a second amended complaint, he shall also provide a form of the new complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added. L. Civ. R. 15.1(b)(2); and it is finally

**ORDERED** that the Office of the Clerk of the Court shall email a copy of this Memorandum Order to Plaintiff at the email address identified in ECF No. 8.

**SO ORDERED**.

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**

6